

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2005

# USA v. White

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-2521

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation
"USA v. White" (2005). *2005 Decisions*. Paper 160.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/160

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-2521

_____

UNITED STATES OF AMERICA

v.

CHARLES WHITE,
*Appellant*

_____

On Appeal From The United States District Court for the
Eastern District of Pennsylvania
(D.C. No. 01-cr-00733)
District Judge: Honorable Petrese B. Tucker

_____

Submitted Under Third Circuit LAR 34.1(a)
November 14, 2005

Before: ROTH, FUENTES, and BECKER,
*Circuit Judges*

(Filed December 6, 2005)

_____

OPINION

_____

BECKER, *Circuit Judge.*

This is an appeal by defendant Charles White from the judgment in a criminal case

following his plea of guilty to the charge of possession of firearms by a convicted felon,

in violation of 18 U.S.C. § 922(g)(1).  He was thereafter sentenced to a term of 87 months

to be followed by a three-year term of supervised release. White filed a timely appeal and following the appeal, defense counsel filed a motion to withdraw from representing White and a brief in support of this motion pursuant to *Anders v. California*, 386 U.S. 738 (1967).

In *Anders*, an indigent defendant appealed his state court conviction and was then appointed appellate counsel. *Id.* at 739. After consulting with his client and reviewing the record, appointed counsel sent the state court a letter stating that his client's appeal was meritless. *Id.* The Supreme Court held that zealous advocacy required appointed counsel to do more: "[I]f counsel finds [his client's] case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. *That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal.*" *Id.* at 744 (emphasis added). Our jurisprudence requires that counsel in an *Anders* situation adequately "attempt[] to uncover the best arguments for his or her client." *See United States v. Marvin*, 211 F.3d 778, 781 (3d Cir. 2000).

In this case, counsel stated in his brief that he had reviewed the record as required by *Anders* and found no non-frivolous issues for review. Counsel's *Anders* brief refers us to the portions of the record that arguably present non-frivolous issues, especially whether White's guilty plea was entered voluntarily, knowingly, and intelligently, and submits that any such claims would be frivolous. After thorough examination of the record, we agree

with counsel that there are no non-frivolous issues to raise on appeal.[1]  We are satisfied

that counsel has fulfilled his *Anders* obligations.[2]

A copy of counsel's brief was furnished to White, who was given time to raise any

non-frivolous arguments in a pro se brief.  *Anders*, 386 U.S. at 744; 3d Cir. LAR Misc.

109.2(a)(2000).  White filed a brief, and therefore this Court's review is limited to the

issues cited in the *Anders* and pro se briefs.  *See United States v. Youla*, 241 F.3d 296,

301 (3d Cir. 2001) ("[W]e confine our scrutiny to those portions of the record identified

by an adequate *Anders* brief . . . [and] those issues raised in Appellant's pro se brief").

White's brief is terse and difficult to decipher.  As best we can gather, he makes

three principal arguments.  First, he contends that the prosecutor prejudiced him by

agreeing to amend a prior stipulation to permit him to preserve the issue of whether

escape is a crime of violence.  According to White, the prosecutor improperly declined to

specify which prior conviction the prosecutor was going to use.  The only such exchange

between the Court and the prosecutor that we can find in the record is cryptic on that

---

[1]Our review of the Rule 11 plea colloquy reveals that it more than passed muster.  In addition to a complete explanation of White's rights, Judge Tucker determined that : (1) White had reviewed the charges with his counsel and was satisfied with counsel's advice and representation; (2) there was a factual basis for the plea; (3) White understood the written guilty plea agreement and was pleading guilty because he was in fact guilty; (4) White understood the nature of the charges against him; and (5) White understood the potential maximum prison sentence, fine, and special assessment which he faced.

[2]We also note our view that, because the issues presented in the appeal lack legal merit, they do not require the filing of a petition for writ of certiorari with the Supreme Court. 3d Cir. LAR 109.2(b)(2000).

point. *See* App. at 24a. At all events, the amended stipulation, requested by the defense, benefitted White, for it permitted his counsel to attempt to persuade the Court that White's escape conviction did not qualify as a conviction of a "crime of violence."

Second, White seemingly contends that his counsel's attempts to assist him in cooperating with law enforcement invalidate the guilty plea; however, at the guilty plea hearing, White testified that he was satisfied with counsel's representation and was pleading guilty because he was guilty. This argument does not carry the day, at least to the extent that White is alleging ineffective assistance of counsel, for it is premature. We have stated repeatedly that Sixth Amendment claims of ineffective assistance of counsel should ordinarily be raised in a collateral proceeding pursuant to 28 U.S.C. § 2255 rather than on direct appeal. *United States v. Jake*, 281 F.3d 123, 132 n.7 (3d Cir. 2002).

Finally, White's claim that the use of his prior convictions of crimes of violence in imposing sentence was barred by the statute of limitations is also without merit. *See* 18 U.S.C. § 3661; *see also United States v. Tucker*, 404 U.S. 443, 446 (1972) (at sentencing "a judge may appropriately conduct an inquiry broad in scope, largely unlimited either as to the kind of information he may consider, or the source from which it may come."). At all events, the Sentencing Guidelines place no time limit on the consideration of prior felony convictions of crimes of violence in determining the base offense level under Section 2K2.1, which applied in White's case.

For the foregoing reasons, the judgment of conviction will be affirmed. However,

4

the government concedes that the case should be remanded for resentencing by the District Court in light of *United States v. Davis*, 407 F.3d 162 (3d Cir. 2005). Accordingly we will so order. The motion of Mr. Serota to withdraw as counsel will therefore be denied.